# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: February 24, 2021)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| GARLAND RUCKER, | * | UNPUBLISHED |
| | * | No. 19-204V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Lawrence G. Michel, Kennedy, Berkley, et al., Salina, KS, for petitioner.
Althea W. Davis, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 5, 2019, Garland Rucker ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of an influenza vaccination administered on October 18, 2016, he suffered from transverse myelitis. Petition at 1 (ECF No. 1). A fact hearing was held on August 6, 2020, and the undersigned issued her fact ruling on September 30, 2020. (ECF No. 54). Thereafter, petitioner filed a motion for a decision dismissing his petition, and on October 30, 2020, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 58).

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On November 2, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 59). Petitioner requests compensation in the amount of $16,311.37, representing $14,627.50 in attorneys' fees and $1,683.87 in attorneys' costs. Pursuant to General Order No. 9, petitioner states he has not personally incurred any costs related to his petition. Fees App. Ex. 2. Respondent filed his response on November 16, 2020 stating that if the undersigned determines that the case proceeded with a reasonable basis and exercises her discretion to award attorneys' fees and costs, the Federal Circuit has made it clear that the determination of a reasonable award is within the undersigned's discretion. Response at 3 (ECF No. 60). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $15,611.37.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Here, although the petition was eventually dismissed, the undersigned finds that the claim was brought in a good faith belief that petitioner's vaccination was the cause of his injury, and the case had a reasonable basis to proceed for as long as it did. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond. *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests that his counsel, Mr. Lawrence Michel, be compensated at $300.00 per hour for all work performed in this case, from 2018 to 2020. These rates are consistent with what Mr. Michel has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein.

Petitioner also requests that work performed by an associate attorney, Ms. Laurel Michel, be compensated at $175.00 per hour (all work by Ms. Michel was performed in 2018). However, the undersigned notes that Ms. Michel is not currently admitted to practice law before the Court of Federal Claims and petitioner has provided no evidence to suggest that Ms. Michel has ever been so licensed.[3] Accordingly, the undersigned cannot compensate her work in this case at attorney rates. *See Schmidt v. Sec'y of Health & Human Servs.*, No. 17-913V, 2020 WL 1528428, at *3 (Fed. Cl. Spec. Mstr. Feb. 23, 2020); *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157727, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). Accordingly, Ms. Michel's work must be compensated at paralegal rates, which in this case is $75.00 per hour. This results in a reduction of $700.00.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

---

[3] The Clerk's Office of the Court of Federal Claims confirmed that Ms. Michel is not admitted to the Court's bar as of the date of this decision.

3

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $13,927.50.

### b.  Attorneys' Costs

Petitioner requests a total of $1,683.87 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Petitioner has provided adequate documentation supporting the costs and they are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $790.42.

### II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,627.50 |
| (Total Reduction from Billing Hours) | - ($700.00) |
| **Total Attorneys' Fees Awarded** | **$13,927.50** |
| | |
| Attorneys' Costs Requested | $1,683.87 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,683.87** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$15,611.37** |

**Accordingly, the undersigned awards a lump sum in the amount of $15,611.37, representing attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Mr. Lawrence Michel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).